UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE VALENCIA-HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> MARGARET GILBERT, <br><br> Respondent. | CASE NO. C17-5353 BHS <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 13), and Petitioner's objections to the R&R (Dkt. 14). The factual and procedural background of this case are set forth in the R&R. On December 7, 2017, the R&R was filed. Dkt. 13. On December 22, 2017, Petitioner filed his objections. Dkt. 14.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Petitioner raises two objections to the R&R. First, Petitioner restates his position that his sentence for unlawful possession of a firearm violated the double jeopardy clause when it was "stacked" with a sentence for possession of a controlled substance with intent to deliver that included a firearm enhancement. Dkt. 14 at 1–4. However, as recently as 2013, the Ninth Circuit has held that it is "not clearly establish[ed] whether sentencing enhancements must be considered as an element of an offense for purposes of the Double Jeopardy Clause." *Smith v. Hedgpeth*, 706 F.3d 1099, 1106 (9th Cir. 2013). The Supreme Court has subsequently determined that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). However, despite this language, *Alleyne* was decided specifically in the context of the Sixth Amendment right to a jury for enhancement charges that increase a mandatory minimum. Therefore, the Ninth Circuit's conclusion in *Hedgpeth* persists: it is not clearly established law that a sentencing enhancement is considered an element of an offense for the purposes of the Double Jeopardy Clause. Moreover, the Court is convinced by the R&R's reasoning that the Washington legislature plainly intended to allow the imposition of a firearm enhancement for one crime and prosecution for the separate crime of unlawful possession of a firearm. Accordingly, the state court's decision was not "contrary to, or an unreasonable application of, clearly established Federal law."

Second, Defendant restates his position that the positioning of armed guards nearby during his trial violated his right to due process. Dkt. 14 at 4–6. The Court disagrees. Review of the video and photographs of Petitioner's trial show that the State

Court was not clearly erroneous in determining that there is no evidence that guards "loomed over" or surrounded Petitioner during the proceedings. The Court cannot conclude that the scene presented to the jurors was so inherently prejudicial as to pose an unacceptable threat to Petitioner's right to a fair trial. *Williams v. Woodford*, 384 F.3d 567, 588 (9th Cir. 2004). Further, Petitioner has failed to show actual prejudice. *Id.*

Finally, the Court declines to issue a certificate of appealability. "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court does not believe that jurists of reason could disagree with the Court's evaluation of Petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The claims do not present any particularly close question. Accordingly, the claims do not merit encouragement to proceed any further.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) The petition is **DISMISSED**.

The Clerk shall enter a JUDGMENT and close the case.

Dated this 7th day of February, 2018.

BENJAMIN H. SETTLE  
United States District Judge